### RUBES v. E. J. WILLIS CO.

(Circuit Court of Appeals, Second Circuit. May 24, 1916.)

#### No. 278.

PATENTS ⬦═328—INVENTION—ELECTRIC HORN.
  The Chalas patent, No. 874,792, for an electric alarm horn, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Ernest Rubes against the E. J. Willis Company. Decree for defendant, dismissing bill on three claims of patent No. 874,792, to Chalas and others, and complainant appeals. Affirmed.

J. Edgar Bull, C. A. L. Massie, and Ralph L. Scott, all of New York City, for appellant.

Drury W. Cooper, of New York City, for appellee.

Before COXE, Circuit Judge, and HOUGH and MAYER, District Judges.

HOUGH, District Judge. The device of the patent is an electrically operated horn wherein noise is produced by agitation of the armature of a "make and break" apparatus, which agitation is transmitted to a diaphragm, by a rod which (when the horn is not sounded) always presses against both armature and diaphragm, but is not mechanically affixed to either. In the language of the patent the rod is "loosely mounted," and as a matter of fact it is a "snug fit" between armature and diaphragm. The first and second claims are but variants of the same statement of invention; the third is more general.[1]

---

[1] These claims are as follows:

"1. In an electric horn, the combination of a vibrating plate, an electro-magnet, an armature, a spring plate adapted to press the armature towards the electro-magnet, a rod *loosely mounted* between the armature and the vibrating plate, the said rod being adapted to maintain the armature slightly away from the electro-magnet against the action of the said spring plate, and means for producing intermittent currents in the electro-magnet."

"3. In an alarm device, a horn, a diaphragm arranged in operative relation thereto, an electro-magnet, an armature influenced by said electro-magnet, a circuit interrupter operated by said armature and a connection between said armature and said diaphragm whereby vibrations of the armature are mechanically transmitted to the diaphragm."

When this patent was applied for there was no novelty in moving a diaphragm by an armature and magnet operating upon the "make and break" principle. O'Brien, No. 752,408, and many other patents. Invention must be found, if at all, in the means whereby the movement of the armature is communicated to the diaphragm. Here is the crucial point of the case, for there has been shown no earlier apparatus for electrically sounding a horn embodying the "loosely mounted" rod of the patent. But we entirely agree with the court below that the exact mechanism of plaintiff is shown in the patent to Lungen (No. 352,472) and passed into commercial use as applied to the art of ringing a bell or gong. Lungen further pointed out in the specification of his patent that his device might be used with a vibrating armature "to give motion to any alarm."

Considering the antiquity of many varieties of "make and break" apparatus, and the close correspondence between striking resonant metal, and striking or otherwise agitating a diaphragm, we are of opinion that there was no invention in substituting a diaphragm for a bell in Lungen's apparatus and thereby presenting complainant's device. It is true that invention is sometimes found in the transference from one art to another of a particular sequence of mechanical processes; but the difficulty or ingenuity of such transfer is to be considered in each instance, and where the degree thereof is so slight as is here displayed, nothing more than a fair mechanical knowledge of familiar devices was necessary to effect it.

Upon the ground that, in view of the state of the art, this patent is void for lack of patentable invention, the decree below is affirmed, with costs.