J. H. DAY CO. v. MOUNTAIN CITY MILL CO. et al.*

(District Court, E. D. Tennessee, S. D. November 7, 1918.)

No. 10.

1. PATENTS ⬤⇒328—VALIDITY—DOUGH-CUTTING MACHINE.
    The Ward patent, No. 865,461, for a dough-cutting machine, *held* void for anticipation by a prior patent for a clay-cutting machine, for cutting brick, having equivalent mechanism and mode of operation. Claim 2 also *held* void as an aggregation of old elements not co-operating to produce any new result.

2. PATENTS ⬤⇒328—VALIDITY—CRACKER-CUTTING MACHINE.
    The Allison & Pinkney patent, No. 1,112,184, claims 1 and 2, for a cracker-cutting machine, *held* void as covering an invention not made by the patentees, but by a prior inventor, to whom the Green patent, No. 1,180,030, was subsequently issued on interference proceedings.

In Equity. Suit by the J. H. Day Company against the Mountain City Mill Company and others. On final hearing on pleadings and proof. Decree for defendants.

See, also, 225 Fed. 622.

SANFORD, District Judge. After careful consideration of the evidence, including the affidavits and copies of letters patent admitted, pursuant to stipulation, on the reopening of the proof, and the arguments and briefs of counsel, my conclusions, briefly stated, without elaboration are:

[1] 1. *Ward Patent No. 865,461.* This is a patent for an improvement in dough-cutting machines, providing a machine in which crackers and the like may be cut from the dough sheet by a cutter moving in unison with the feed of the sheet through the machine, so that the sheet may be fed continuously through the machine without stopping the machine during the cutting stroke of the dies.

The nine claims of this patent now in suit are, in my opinion, completely anticipated by the prior Hovey patent, No. 129,411, which disclosed a clay-cutting machine in which a plastic sheet of brick clay is carried upon an endless apron to vertically reciprocating cutters, having in addition to their vertical movement, a traveling movement with the belt.

This Hovey patent was not cited in the Patent Office on Ward's application; although seven of his claims were rejected before amendment, upon reference to the Chambers patent, No. 297,671, on a ma-

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Memorandum opinion, published by request.

257 F.—36

chine for cutting brick clay; thus indicating the opinion of the office as to the analogy between the dough-cutting and clay-cutting machines.

The mechanism of this Hovey patent is, in my opinion, the mechanical equivalent of that of the Ward patent, operating in substantially the same way to produce substantially the same result; the difference consisting essentially in changing the materials to be operated upon rather than in changing the method of operation. And, upon the whole, I conclude that the substantial transfer of the structure of the Hovey patent from the clay-cutting art to the closely analogous dough-cutting art, both of which relate to the cutting of plastic materials, with only the necessary differences in mechanical detail, did not constitute invention as distinguished from mere mechanical skill, and presents a case of double use merely. Stearns v. Russell (6th Circ.) 85 Fed. 218, 29 C. C. A. 121; Johnson v. Traction Co. (6th Circ.) 119 Fed. 885, 56 C. C. A. 415; Weir Frog Co. v. Porter (6th Circ.) 206 Fed. 670, 124 C. C. A. 470; Ransome Mach. Co. v. United Mach. Co. (2d Circ.) 177 Fed. 413, 101 C. C. A. 217; Webster v. Dunham Co. (8th Circ.) 181 Fed. 836, 104 C. C. A. 346; Warner Instrument Co. v. Mfg. Co. (7th Circ.) 185 Fed. 507, 107 C. C. A. 607; Crown Co. v. Sterling Co. (D. C.) 210 Fed. 26, 34.

The second claim of the Ward patent is not saved as a combination claim by including with the unpatentable cutter-operating mechanism, a scrap remover, itself old in the art; but discloses merely a nonpatentable aggregation of old elements producing no new or different result in their combined force from that given by their separate operation, that is, an aggregation in which each old element accomplishes merely its own distinctive result without co-operation with the other. Overweight Elevator Co. v. Vogt Mach. Co. (6th Circ.) 102 Fed. 957, 43 C. C. A. 80; Johnson v. Foos Mfg. Co. (6th Circ.) 141 Fed. 73, 72 C. C. A. 105; Bullock Elec. Co. v. Gen. Elec. Co. (6th Circ.) 149 Fed. 409, 79 C. C. A. 229; Clisby v. Reese (7th Circ.) 88 Fed. 645, 32 C. C. A. 80; Jacobs Mfg. Co. v. Almond Mfg. Co. (2d Circ.) 177 Fed. 935, 101 C. C. A. 215; Johnson Co. v. Washing Mach. Co. (7th Circ.) 231 Fed. 988, 146 C. C. A. 184.

Hence, without determining the disputed question as to whether the Ward patent disclosed a mechanism which could produce a sufficient unison of motion between the drive of the cutter and the apron, or was practically inoperative and commercially useless until subsequently equipped with the adjustment disclosed by the Tucker patent, No. 909,967, or considering the extent to which the general expedient of moving reciprocating cutters along with a continuously moving apron was then known in the material-cutting arts, as bearing on the range of equivalents to which it would be entitled, if patentable at all, in determining the question of infringement, it results that so much of the plaintiff's bill as relates to the Ward patent must be dismissed.

[2] 2. *Allison & Pinkney Patent, No. 1,112,184.* The proof shows, in my opinion, beyond reasonable doubt, that Allison and Pinkney were not the first and original inventors of the differential pan-skip mechanism disclosed in claims 1 and 2 of the Allison & Pinkney patent

on improvements in cracker-cutting machines; and that the first and original inventor thereof was Thomas L. Green, the president of the defendant Green Company, who, as early as 1909, invented this mechanism, constructed a machine embodying the same and successfully operated it in Cardiff, Wales. On this point I am entirely satisfied as to the truthfulness and substantial accuracy of the testimony given by the defendant's witnesses Green and Morton, the correctness of which I see no substantial ground for questioning. The result thus reached is in accordance with the action of the Patent Office in awarding the claims in suit of the Allison & Pinkney patents to Green in the interference proceeding, and issuing to him the patent No. 1,180,030, and is in harmony with, although not directly involved, under the decree rendered April 25, 1917, by the District Court of the United States for the District of Indiana in the recent case of Thomas L. Green et al. v. Taggart Baking Co., No. 159 in equity.[1]

In this connection I find no error in the admission of the evidence in reference to the construction and operation of the machine embodying Green's prior invention, which was not admitted for the purpose of showing the defense of two years' prior public use under the fifth clause of section 4920, Rev. Stat. (Comp. St. § 9466), which was not relied on, but as a circumstance bearing on an element of the defense relied on under the fourth clause of said section, that Allison and Pinkney were not the original and first inventors of the thing patented, but that Green was the original and first inventor thereof; of which defense sufficient notice was, in my opinion, given under the statute, as ruled at the hearing.

So much of the plaintiff's bill as relates to said Allison & Pinkney patent must accordingly be likewise dismissed.

A decree will hence be entered, in accordance with this opinion, dismissing the plaintiff's bill, with costs.

[1] Decree affirmed 257 Fed. 87, —— C. C. A. ——.