## E. INGRAHAM CO. v. SILVER.

(Circuit Court of Appeals, Second Circuit. February 4, 1924.)

No. 268.

**1. Patents ⬤39—Device not patentable, where its method or product long familiar in many arts.**

A device may be of utility; but, where its essence is either the imparting of motion or the result of motion so imparted, there can be no patentable invention, either in the method or the product, if both were known and used in many arts.

**2. Patents ⬤328—Ames reissue patent, No. 14,458, held invalid.**

Ames reissue patent, No. 14,458, claims 3 and 4, relating to celluloid watch crystals, *held* invalid.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the E. Ingraham Company against Ida Silver, doing business as the Ideal Crystal & Machine Manufacturing Company. Decree for plaintiff, and defendant appeals. Reversed.

Certiorari denied 44 Sup. Ct. 453, 68 L. Ed. ——.

Suit is upon reissued patent to Ames No. 14,458, claims 3 and 4. The claim which particularly describes the subject-matter of invention is the third, reading as follows: "The combination, with a watch bezel formed with an annular groove, of a celluloid watch crystal larger in diameter than the diameter of the said groove, into which its edge is inserted after it has been forced into concavo-convex form and thus reduced in virtual diameter to the diameter of said groove, whereby the crystal is maintained under compression in concavo-convex form and so firmly held in place."

The patentee in disclosing his invention says: "I am aware that the use of celluloid in the place of glass for watch crystals has been proposed, and I do not broadly claim the idea, but only my specific crystal made larger in diameter than the supporting ring and thrown into concavo-convex form for its introduction into and retention in the ring." He also stated, as the object of his invention, the production "at a low cost [of] an unbreakable or elastic compression crystal."

What he has really done in the main is to use celluloid as a transparent protector for a watch face, intead of glass. But there are, of course, many other objects, such as meters of various kinds, for which celluloid covering may be used. The substance of patentee's disclosure is to take a flat disc of transparent celluloid somewhat larger in diameter than a container or "bezel" into which it is to be inserted. This disc is then distorted into the usual concavo-convex form of the familiar watch crystal. Its diameter is thus diminished, and it is then capable of insertion into the containing ring. The distorting pressure being removed, the disc attempts to resume its former diameter, and then "bites" into the depression arranged for it in said ring.

While it may be possible for persons possessing both skill and physical strength to perform this feat of fitting by distortion, the act is ordinarily performed, and always commercially done, by a tool or machine. The defendant is the manufacturer and vendor of a machine suitable for accomplishing the combination of disc and ring container, and was sued as a contributory infringer. Plaintiff had decree below; defendant took this appeal.

Duell, Warfield & Duell, of New York City (F. P. Warfield and Lawrence Bristol, both of New York City, of counsel), for appellant.

O. Ellery Edwards, of New York City, for appellee.

Before HOUGH and MANTON, Circuit Judges.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Commercial success is invoked in support of this patent, but we are satisfied that whatever degree of commercial success attended patentee's efforts was due wholly to the scarcity of glass crystals caused by the World War.

Plaintiff states in argument as the substance of invention the insertion of a watch crystal in a bezel "under a condition of stress so that it will remain in place *although it shrinks on aging.*" The italicized phrase might just as well be stricken out; there is nothing about it in the patent, and it is not claimed, and obviously whether the distorted disc stays in a bezel after shrinking will depend wholly on the amount of shrinkage.

This patent has several times been sustained before the present litigation in the District Court, but it is brought here with a very much fuller record in respect of the prior art. The substitution of celluloid for glass for watch crystals and the like has not only been proposed (as the disclosure states), but was well known as patented art. Browne, 7,954 of 1893, British; Gilby, 12,157 of 1904, British.

The use of celluloid in circular discs inserted by distortion into what is mechanically a bezel is displayed in patents for organ stop knobs and typewriter keys. Alden, 328,448 and 369,310; Voges, 771,950. And a whole series of patents for bottle stoppers display the same principles of introduction and retention.

[1] So far as the mechanical, as distinct from the manual, introduction of disc into container is concerned, the principle of any machine capable of producing the patentee's combination has been known for nearly 40 years at least, and is displayed in Leonard's patent for "bending pail bottoms" (No. 335,079). We have held:

"That invention is sometimes found in the transference from one art to another of a particular series of mechanical processes, but the difficulty or ingenuity of such transfer is to be considered in each instance, and where the degree thereof is so slight as is here displayed, nothing more than a fair mechanical knowledge of familiar devices was necessary to affect it." Rubes v. Willis, 234 Fed. 341, 148 C. C. A. 243.

A device may be of utility, but, where its essence is either the imparting of motion or the result of motion so imparted, there can be no patentable invention, either in the method or the product, if both were known and used in many arts. Jacobs v. Almond, 177 Fed. 935, 101 C. C. A. 215.

The introduction of discs into supporting rings, smaller in diameter than the discs themselves, was old, and so was the production of a concavo-convex form. Nor is there any substantial difference between what plaintiff does with a celluloid disc and what has been done for generations with a glass crystal. The testimony on this record is plain that when a glass crystal is "snapped into" its bezel, both the bezel and the crystal "give." The elasticity of glass is much less than that of celluloid, so that, if an absolutely rigid ring or bezel be provided for the glass crystal, the glass will break before yielding sufficiently for introduction. Doubtless the celluloid bezel is so elastic that by comparison its metal ring or bezel may be regarded as rigid; that is, it is not necessary for the bezel to "give" in order to receive the celluloid, as is

necessary with the glass. But the principle is exactly the same, and very old.

[2] On this very complete record, therefore, we are unable to discover any patentable invention in the device disclosed, and it follows that the decree appealed from must be reversed, with costs.